UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| N.W., etc.,<br><br>        Plaintiff,<br><br>  vs.<br><br>CITY OF LONG BEACH; et al.,<br><br>        Defendants.<br><br>TREVOR WOODS, et al.,<br><br>        Plaintiffs,<br><br>  vs.<br><br>OFFICER JOHN B. FAGAN; et al.,<br><br>        Defendants. | Case No. EDCV 14-01569 VAP (SPx)<br>Case No. CV 14-08374 VAP (SPx)<br><br>**PROTECTIVE ORDER FOR CONFIDENTIAL LBPD DOCUMENTS** |

Based upon the Stipulation of the Parties and, GOOD CAUSE APPEARING, IT IS ORDERED THAT,

      1.    Attorneys for the parties shall receive from the Long Beach Police Department Custodian of Records copies of portions of the personnel files of

Defendant Officers John Fagan and Daniel Martinez. The information will be limited to the officers' use-of-force history summaries, and the officers' Internal Affairs history summaries as it pertains to allegations of excessive use of force and/or dishonesty. The attorneys for the parties understand and agree that the production of the summaries is limited to the summaries information available at the time of the request, and that the certain records may have been purged.

2. "Confidential Information" protected by this Protective Order must be clearly designated prior to the disclosure or production of such Confidential Information, and must bear the notation of "Confidential" on each page that contains Confidential Information, provided that such notation does not obscure or obliterate the document contents. "Highly Confidential—Attorneys' Eyes Only Information" protected by this Protective Order must be clearly designated prior to the disclosure or production of such Confidential Information, and must bear the notation of "Highly Confidential—Attorneys' Eyes Only" on each page that contains such information, provided that such notation does not obscure or obliterate the document contents. Information may qualify as "Highly Confidential—Attorneys' Eyes Only" only if it consists of extremely sensitive information whose disclosure to another party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

3. Attorneys for the parties shall receive from the Long Beach Police Department Custodian of Records copies of personnel evaluations for the named-defendant officers.

4. Attorneys for the parties shall receive from the Long Beach Police Department Custodian of Records copies of the POST training summaries for the named-defendant officers.

5. Attorneys for the parties shall personally secure and maintain said copies in their possession to the end that said copies are to be used only for the purposes set forth below and for no other purpose.

6. Copies of the record shall only be used for preparing for and prosecuting or defending this case pending the completion of the judicial process including appeal, if any. "Confidential Information" or "Highly Confidential—Attorneys' Eyes Only Information" that a party intends to use in support of or in opposition to a pre-trial filing with the Court must be filed in accordance with the Central District of California Local Rules relating to under seal filings, including Local Rule 79-5. The parties shall made good faith efforts to consent to the use of "Confidential Information" or "Highly Confidential—Attorneys' Eyes Only Information," and shall meet and confer to discuss redactions of particularly sensitive information before making use thereof. Should a party challenge the designation of "Confidential Information" or "Highly Confidential—Attorneys' Eyes Only Information," that party must do so in good faith, and shall confer directly with counsel for the producing party.

7. This Order does not govern the use at trial of material designated under this Order. The parties, however, may otherwise use copies of the records to prepare for trial, including – but not limited to - use of the records at depositions (under seal) and for law and motion practice.

8. Disclosure of Information designated "Confidential" shall be limited to the following personnel and/or classification of persons: Any Party to this action and that Party's counsel; staff and personnel employed by counsel for any party to this action; the Court and court personnel, in connection with this litigation; during their depositions, witnesses who, from the face of the document, appear to have previously created, authored, or received it; and experts or consultants retained/consulted to work on this case by counsel for any party to this action (so long as each such expert or consultant agrees, in writing, to be bound by the terms of this Protective Order).

9. Disclosure of Information designated "Highly Confidential—Attorneys' Eyes Only" shall be limited to the following personnel and/or

classification of persons: Any Party's counsel; staff and personnel employed by counsel for any party to this action; the Court and court personnel, in connection with this litigation; during their depositions, witnesses who, from the face of the document, appear to have previously created, authored, or received it; and experts or consultants retained/consulted to work on this case by counsel for any party to this action (so long as each such expert or consultant agrees, in writing, to be bound by the terms of this Protective Order).

10. Any depositions, during which the contents of copies of the records are part of the testimony or copies of the records are attached as exhibits, shall be sealed as to any confidential portions.

11. After completion of the judicial process in this case, attorneys for the parties shall return the above-referenced records to the Office of the City Attorney as attorney for the Custodian of Records for the Long Beach Police Department and shall retain no copy of such material in any form.

12. Attorneys for the parties shall cause the substance of this Order to be communicated to each person to whom the information is revealed in accordance with this Order.

13. The attorneys for the parties shall not cause or knowingly permit disclosure of the contents of the copies beyond the disclosure permitted under the terms and conditions of this Order, including but not limited to any news media which is inclusive of film or video, television, radio or print.

14. This order may be signed in counterparts. A faxed signature shall serve with the same force and effect of an original signature.

The Court retains jurisdiction to modify this Protective Order and to make further Orders with respect to control and use of the information delivered to the attorneys for the parties pursuant to this Order, including Orders as to the ultimate disposition of said copies while the judicial process is pending.

**IT IS SO ORDERED.**

DATED: March 13, 2015      /s/
                                        Hon. Sheri Pym
                                        United States Magistrate Judge

Approved as to form and content:

DATED: February 2, 2015      LAW OFFICE OF JOHN C. FATTAHI

                                        By      /s/ John C. Fattahi
                                             John C. Fattahi
                                             *Attorney for Plaintiff N.W.*
                                             EDCV 14-01569 VAP (SPx)

DATED: February 27, 2015      CHARLES PARKIN, City Attorney

                                        By      /s/ Howard D. Russell
                                             HOWARD D. RUSSELL
                                             Assistant City Attorney
                                             *Attorney for Defendants City of Long Beach, et al.*

DATED: March 2, 2015      THE COCHRAN FIRM CALIFORNIA

                                        By      /s/ Brian T. Dunn
                                             Brian T. Dunn
                                             Megan R. Gyongyos
                                             *Attorneys for Plaintiffs Trevor Woods and Tyra Woodson*
                                             CV 14-08374 VAP (SPx)