UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| N.W., etc.,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CITY OF LONG BEACH; et al.,<br><br>　　　　Defendants.<br><br>TREVOR WOODS, et al.,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>OFFICER JOHN B. FAGAN; et al.,<br><br>　　　　Defendants. | Case No. EDCV 14-01569 VAP (SPx)<br>Case No. CV 14-08374 VAP (SPx)<br><br>**PROTECTIVE ORDER FOR DISTRICT ATTORNEY FILES** |

**IT IS HEREBY ORDERED** that, following stipulation of counsel, and good cause appearing:

　　　1.　The PROTECTED DOCUMENTS shall be used solely in connection with the preparation and trial of *N.W. v. City of Long Beach*, Case No. EDCV 14-

01569 VAP (SPx) (C.D. Cal. filed July 30, 2014), *Woods v. Fagan*, Case No. CV 14-08374 VAP (SPx) (C.D. Cal. filed Oct. 29, 2014) (collectively, the "Woods Actions"), or any related appellate proceeding, and not for any other purpose, including any other litigation.  This paragraph shall not preclude the Plaintiffs' or Defendants' attorneys of record in these actions from indicating, in connection with discovery or a discovery motion in another action, an awareness of responsive documents.  In indicating such awareness in any other action, the Plaintiffs' and Defendants' attorney of record shall not disclose the substance of the Confidential Information.

    2.    The PROTECTED DOCUMENTS shall be treated as confidential by Plaintiffs and Defendants and their respective counsel and shall not be further disclosed, disseminated or otherwise distributed except as provided in this Protective Order.

    3.    The PROTECTED DOCUMENTS, or any portion thereof, may not be disclosed, distributed or disseminated except as provided in subparagraph (d) below.

    4.    The PROTECTED DOCUMENTS, or any portion thereof, may only be disclosed to the following persons:

    (a)    Counsel for Parties only and specifically not to Plaintiffs or Defendants with the exception of any recordings, written or otherwise, of Plaintiffs' or Defendants' own statements;

    (b)    All members of the Parties' legal teams, including, but not limited to, paralegal, investigative, support, stenographic, clerical and secretarial and related personnel regularly employed by counsel referred to in subparagraph (1) above.

    (c)    The Court and Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action; and

    (d)    Expert witnesses designated by Plaintiffs' or Defendants' counsel solely for the purpose of this litigation.

     5.     Furthermore, each person (except Court personnel) to whom disclosure of The PROTECTED DOCUMENTS, or any portion thereof, is made, with the exception of those identified in subparagraph d. above who are presumed to know the contents of this Protective Order, shall, prior to the time of disclosure, be provided a copy of this Protective Order by the person furnishing him/her such material, and shall agree on the record or in writing that he/she has read the Protective Order, and that he/she understands the provisions of the Protective Order, and that he/she agrees to be bound by the provisions of this Protective Order. Such person (except Court personnel) also must consent in writing to be subject to the jurisdiction of the United States District Court, Central District of California, with respect to any proceeding relating to enforcement of this Order, including without limitation, any proceeding for contempt. Unless made on the record in this litigation, counsel making the disclosure to any person described above shall retain the original executed copy of said agreement until final termination of this litigation.

     6.     If the PROTECTED DOCUMENTS, or any portion thereof which were not part of a public filing, are to be filed with the Court by any of the parties to this STIPULATION, in any form, the party who wishes to do so shall prepare the Application required by Local Rule 79-5.1 beforehand.

     7.     Nothing in paragraph 4 is intended to prevent officials or employees of the County of Los Angeles or other authorized governmental officials from having access to the PROTECTED DOCUMENTS if they would have had access in the normal course of their job duties. Further, nothing in this Protective Order prevents subsequent attorneys representing Plaintiffs or Defendants in a re-trial or other post-trial proceedings from gaining access to the PROTECTED DOCUMENTS to the extent they are otherwise available through ordinary discovery procedures or similar means. Finally, nothing in this Order precludes a witness from disclosing events or activities personal to him or her; that is, a witness can disclose to others information previously given to the County of Los Angeles with respect to what he or she saw,

heard or otherwise sensed.

    8.    The foregoing is without prejudice to the right of the Plaintiffs, Defendants and the DA:

    a.    To apply to the Court for a further protective order relating to confidential material or relating to discovery in this litigation; and

    b.    To apply to the Court for an order compelling production of documents or modification of this protective order or for any order permitting disclosure of documents or the information contained therein the terms of this protective order.

    c.    Plaintiffs and Defendants do not waive any right to assert, inter alia, that the DA does not have a legitimate interest or need to limit access to documents reflecting and/or related to its internal decision making process in Plaintiffs' or Defendants' case and do not waive their respective rights seeking discovery of these documents.  Plaintiffs and Defendants do not waive their rights to seek disclosure of any and all documents in the possession of the DA relating to the District Attorney files for the cases subpoenaed and identified above on any and all applicable grounds, including but not limited to his rights and guarantees afforded to them by law.

    9.    Once the Protective Order issues, the following schedule will take effect, subject to extraordinary circumstances or by mutual agreement of the Plaintiffs, Defendants and the DA:

    a.    Within Fifteen (15) days of the notice to counsel for the DA, of the Court's entry of the Protective Order, the DA will make available, for inspection and/or photocopying, the non-privileged, non-confidential documents in its possession, custody or control, which are responsive to the above-referenced subpoenas duces tecum.  Plaintiffs and Defendants will bear the reasonable cost of duplicating the materials.

    b.    The Plaintiffs and Defendants shall place a stamp on each PROTECTED DOCUMENT marked "Confidential–Subject to Protective Order."

1  The marking shall not, to the extent practicable, prevent or impede the reading of the
2  text of the PROTECTED DOCUMENT.  If through its inadvertence, surprise or
3  neglect, the Plaintiffs or Defendants do not label a PROTECTED DOCUMENT as
4  indicated, counsel for Plaintiffs or Defendants shall so notify the DA and shall place
5  the phrase "Confidential–subject to Protective Order," on the PROTECTED
6  DOCUMENT.
7         c.    Within Thirty (30) days after the date that an Order terminating
8  this litigation becomes no longer subject to judicial review, counsel for Plaintiffs
9  and Defendants shall promptly return to the DA all copies of the PROTECTED
10 DOCUMENTS and shall certify it has not retained any such documents, or portions
11 thereof except as required by the Court.
12     10.   This Protective Order, when entered into by the Court, shall be
13 retroactive to the date of the initial disclosure of documents made by the DA in this
14 matter.
15     11.   This Protective Order is entered into without prejudice to the right of
16 any party and/or the DA to file any motion for relief from the Court from any
17 restriction hereof or for any other or further restriction on the production, exchange,
18 or use of any documents, testimony, or other information produced, given, or
19 exchanged in the course of discovery in this action.  Further, by entering into this
20 Protective Order, neither Plaintiffs nor Defendants waive the right to file a Motion
21 in Limine regarding all or a portion of the PROTECTED DOCUMENTS.  This
22 Order may be modified, amended, or vacated by further Order of the Court.
23     12.   This Protective Order shall survive the final determination for this
24 action and shall remain in full force and effect after conclusion of all proceedings
25 herein, and the court shall have continuing jurisdiction to enforce its terms.
26     **IT IS SO ORDERED.**
27
28

1
2
3  DATED: May 7, 2015
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

/s/
Hon. Sheri Pym
United States Magistrate Judge